[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10359

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDUARDO SUAREZ VILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cr-20656-RNS-3

_____

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Eduardo Suarez Villa, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Suarez Villa was convicted in 2018 of conspiracy to commit drug trafficking on the high seas and sentenced to 120 months in prison. In 2021, he filed a motion under § 3582(c)(1)(A) seeking early release based in part on his wife's medical condition, which he said made her unable to care for their two children, and the ongoing COVID-19 pandemic. The district court ruled that, even assuming Suarez Villa's wife's medical condition made him eligible for early release, the statutory sentencing factors weighed against granting his motion.

Section 3582(c) gives the district courts limited authority to reduce the sentences of defendants for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). But even if a prisoner demonstrates such a reason, and so is eligible for a sentence reduction, the court may deny the motion if it finds that the 18 U.S.C. § 3553(a) factors would not support a reduction. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

The weight to give any particular § 3553(a) factor, whether great or slight, is committed to the district court's sound discretion. *Id.* at 1241; *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). "Even so, [a] district court abuses its discretion when it

(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Tinker*, 14 F.4th at 1241 (quotation marks omitted).

An order granting or denying compassionate release under § 3582(c)(1)(A) generally must indicate that the district court has considered "all applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021). But "a district court need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail," and an acknowledgement by the court that it has considered the § 3553(a) factors and the parties' arguments is ordinarily sufficient. *Tinker*, 14 F.4th at 1241 (quotation marks omitted).

Suarez Villa contends that the district court abused its discretion in weighing the § 3553(a) factors and failed to consider that he lacked criminal history, that he would be deported upon his release and so would not pose a danger to the public, and that he has taken responsibility for his crime.

Here, the district court did not abuse its discretion by concluding that a sentence reduction was not supported by the § 3553(a) factors. The court was not required to expressly discuss all Suarez Villa's mitigating evidence or every § 3553(a) factor. *See id.* And it expressly referenced the various favorable grounds Suarez Villa raised in his motion and the government's arguments in response. Ultimately, the court concluded that, even assuming the

medical condition of Suarez Villa's wife constituted an extraordinary and compelling reason, early release was not warranted for several reasons: (a) the "astounding" amount of cocaine (1,100 kilograms) he had trafficked; (b) his admitted untruthfulness in attempting to cooperate with the government; and (c) the fact that he "ha[d] only served a little over 40% of his ten-year sentence." These facts, in the court's view, warranted denial of the motion "[i]n order to promote respect for the law, punish this defendant, and deter others."

The district court's explanation is sufficient to show that it properly considered the § 3553(a) factors and had a reasoned basis for exercising its discretion to deny Suarez Villa the extraordinary remedy of a sentence reduction. We also cannot say that the district court abused its discretion by concluding that a sentence reduction was not warranted on the facts of this case. The court relied on valid reasons, supported by the record, for denying the motion, and we cannot reweigh the factors ourselves.

For these reasons, we **AFFIRM** the denial of Suarez Villa's § 3582(c)(1)(A) motion for a sentence reduction.[1]

---

[1] The government's motion for summary affirmance is therefore **GRANTED.** *See Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019) (explaining that summary disposition is warranted where, as here, "the result is clear as a matter of law so that there can be no substantial question as to the outcome"). Its motion to stay the briefing schedule is denied as moot.